IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GAVIN HILL,

    Plaintiff,                               No. CIV S-09-2713 KJM-DAD

    vs.

KRISTAN HILL-LOVE,

    Defendant.                            <u>ORDER</u>

_____/

        This matter comes before the court on plaintiff's motion to remand (ECF 28) and defendant's motion for summary judgment on plaintiff's complaint. (ECF 21.) Hearing on this matter took place on April 6, 2011; Robert Kitay was present for plaintiff and David Springfield was present for defendant. Having considered the evidence and heard argument, the court DENIES plaintiff's motion to remand, GRANTS defendant's motion for summary judgment and ORDERS this case CLOSED.

I.    FACTS AND PROCEDURAL HISTORY

        Plaintiff filed his complaint in Yolo County Superior Court on June 29, 2009, alleging causes of action for conversion, intentional interference with prospective economic advantage, unjust enrichment, intentional infliction of emotional distress and exemplary damages. (Compl., Notice of Removal Ex. A, ECF 1-1.) Plaintiff claims the following

1

1  damages: wage loss, general damages, future wage loss, lost interest, future lost interest, money
2  unlawfully taken from accounts of which plaintiff is a beneficiary in amounts to be proven at
3  trial, compensatory damages, and punitive damages.  (*Id*.)  Defendant removed the case to this
4  court on September 29, 2009.  (ECF 1.)  Defendant filed a status report on December 27, 2009
5  (ECF 11) and an answer on January 6, 2010. (ECF 12.)  The court issued an order for plaintiff's
6  counsel to show cause why the case should not be dismissed for failure to prosecute on
7  February 1, 2010.  (ECF 13.)  Plaintiff filed a response to the order and his status report on
8  February 2, 2010.  (ECF 14 & 15.)  The court issued the status (pretrial scheduling) order on
9  February 4, 2010, ordering discovery to be completed by December 3, 2010, designation of
10 expert witnesses by December 17, 2010, supplemental expert disclosure by January 7, 2011,
11 expert discovery completed by February 7, 2011, and all dispositive motions heard by April 8,
12 2011.  (ECF 17.)  Nothing substantive was filed in this case again until defendant's motion for
13 summary judgment, filed on March 4, 2011.  (ECF 21.)

14 Plaintiff filed a motion to remand on March 16, 2011.  (ECF 28.)  Plaintiff further
15 filed an ex parte application for an order shortening time on the motion to remand hearing or
16 continuing the hearing on the motion for summary judgment on March 21, 2011.  (ECF 29.)
17 Defendant filed her opposition to both the motion and the ex parte application on March 28,
18 2011.  (ECF 32.)  The court issued a minute order on March 30, 2011 granting plaintiff's ex
19 parte application for an order shortening time and advancing the hearing on the motion to
20 remand from April 27, 2011 to April 6, 2011.  (ECF 34.)  Plaintiff filed a reply to defendant's
21 opposition on April 1, 2011.  (ECF 35.)  Plaintiff filed an opposition to defendant's motion for
22 summary judgment on April 5, 2011.  (ECF 40.)
23 /////
24 /////
25 /////
26 /////

II.   ANALYSIS

    A.   Motion to Remand

        I.   Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants [] to the district court . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

        ii.   Application

Plaintiff contends he has "stipulated" that the amount in controversy is less than $75,000 and that as a result the court no longer has subject matter jurisdiction. (Pl.'s Mem. P. & A. in Supp. Mot. (Mot.) at 1, ECF 28-3.) Defendant counters that plaintiff's motion is untimely and that the amount in controversy is determined at the outset of the action. (Def.'s Opp'n at 8, ECF 32.)

Plaintiff's motion is timely. 28 U.S.C. § 1447(c) states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within

/////

30 days after the filing of the notice of removal . . . ." The thirty-day deadline is inapplicable here, where plaintiff is alleging lack of subject matter jurisdiction.

However, defendant is correct that plaintiff's newly "stipulated-to" amount in controversy is not the operative amount in controversy. The operative amount in controversy is that claimed by plaintiff in the complaint. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. [] The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Red Cab*, 303 U.S. at 293.[1]

In his complaint, plaintiff claimed over $100,000 in damages. (ECF 1-1.) Plaintiff's complaint will not now be remanded to state court based on his unilateral designation of a lesser amount – one dollar less than the amount required to be in controversy (Hill Decl., ECF 28-2) – in a blatant attempt to avoid summary judgment.

//////

//////

//////

//////

---

[1] Plaintiff's argument that *Red Cab* "is no longer good law has been superseded, criticized, and is not followed" (Pl.'s Reply at 4, ECF 35) is not an accurate description of Ninth Circuit law. While the Eastern District of New York did declare *Red Cab* to be superseded by the 1988 amendments to 28 U.S.C. § 1447(c) (*Bernadin v. Am. Airlines, Inc.*, 2009 U.S. Dist. LEXIS 56017 (E.D. N.Y. Dec. 10, 2008)), "[t]he Ninth Circuit has already rejected this argument by confirming the *Red Cab* rule even after the 1988 amendments, holding consistently that post-removal amendments to a complaint cannot divest a court of federal jurisdiction." *Hamdy v. Guardsmark*, LLC, 2009 U.S. Dist. LEXIS 34258, at *5 (C.D. Cal. Apr. 8, 2009) (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)).

4

B.      Motion for Summary Judgment

I.      Standards

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "[cite] to particular parts of materials in the record [or show] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48.

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a

---

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

In this case, defendant's motion implicates broader principles as well. "In these days of heavy caseloads, trial courts . . . routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Local Rule 110 states: "Failure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Federal Rule of Civil Procedure 37(c)(1) provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; [] and (C) may impose any other appropriate sanctions . . . ."

Moreover, "[t]he implementation of the sanction is appropriate 'even when a litigant's entire cause of action . . . [will be] precluded.'" *Hoffman v. Constr. Protective Services*, 541 F.3d 1175, 1180 (9th Cir. 2008) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Federal Rule of Civil Procedure 16(f)(1) states "the court may issue any just orders . . . if a party or its attorney: . . . (C) fails to obey a scheduling . . . order." Moreover, "the court must order the party, its attorney, or both to pay the reasonable expenses . . . incurred

/////

because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2).

### ii. Application

Defendant contends she is entitled to summary judgment because plaintiff "has completely failed to engage in any mandatory disclosure as required under the Federal Rules of Civil Procedure." (Def.'s Mem. P. & A. In Supp. Mot. for Summ. J. (MSJ) at 1, ECF 22.) Plaintiff admits to nondisclosure, but states that "all of the information that would have been contained in such a disclosure was already known to [defendant] by and through the probate trial in the state court matter." (Pl.'s Opp'n at 1, ECF 40.) Plaintiff conceded at hearing that the parties had no agreement to rely on discovery from the probate trial in this case. Plaintiff's counsel asserted, however, that an agreement was not required, apparently on the theory that any omission was harmless. Plaintiff also contends that he does "not need or anticipate calling an expert witness," (*id.* at 2), and notes "that at no time did [defendant's counsel] file any motion to compel the disclosure, and at no time did [defendant's counsel] propound any written discovery, or make any effort whatsoever, in regards to the disclosure issue." (*Id.* at 2-3.)

A quick glance at the docket is sufficient to show that plaintiff has done nothing to move this case along. Moreover, plaintiff has completely failed to abide by the court's scheduling order filed over one year ago. (ECF 17.) Plaintiff's counsel's unfamiliarity with the Federal Rules (Pl.'s Opp'n at 5-6) cannot save him at this late date. Plaintiff was required, by the Federal Rules of Civil Procedure and court order, to disclose any evidence and witnesses he intended to present in this case and he has failed to do so in a timely manner. Accordingly, plaintiff cannot admit any of this undisclosed evidence or testimony at trial.[3] Summary

---

[3] Plaintiff's declaration proffered the morning of the motion hearing would be inadmissible at trial – the court has not modified its scheduling order and extended discovery, nor has plaintiff requested that the court do so – and was not filed electronically until after the hearing. *See G-K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("[Party's] last-minute tender of relevant documents could not cure the problem they had previously created.").

judgment thus is the appropriate method for disposing of this case because plaintiff has "'fail[ed] to make a showing sufficient to establish the existence of [any] element[s] essential to [his] case . . . .'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (quoting *Celotex*, 477 U.S. at 322). There is no genuine issue for trial supported by the record before the court. Summary judgment is not simply being granted as a sanction for plaintiff's inaction. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) ("a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

Defendant also requests that the court set a further motion to determine costs in accordance with Federal Rule of Civil Procedure 37(c)(1)(A).[4] (MSJ at 7.) This Rule provides that the court may, not must, order payment of reasonable expenses caused by the opposing party's failure to disclose as required by Rule 26. The court exercises its discretion in denying defendant's request.

III. CONCLUSION

For the foregoing reasons, the court hereby DENIES plaintiff's motion for remand and GRANTS defendant's motion for summary judgment. This case is CLOSED.

IT IS SO ORDERED.

DATED: May 20, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Defendant also references Federal Rule of Civil Procedure 26(g)(3), but this Rule is inapplicable here as it relates only to sanctions for improper certification of disclosures and discovery requests, responses, and objections.